NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EUGENE A. DEBONS, on behalf of
himself and all others similarly situated,

Plaintiff-Appellant,

v.

GLOBUS MEDICAL, INC.,

Defendant-Appellee.

No.    14-56455

D.C. No.
2:13-cv-08518-SVW-FFM

MEMORANDUM *

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted August 5, 2016
Pasadena, California

Before: **KOZINSKI** and **WARDLAW**, Circuit Judges, and **BENCIVENGO**,**
District Judge.

———————————

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Cathy Ann Bencivengo, United States District Judge for
the Southern District of California, sitting by designation.

Eugene DeBons appeals from the district court's judgment dismissing his putative class action alleging various claims under California statutory, tort, and contract law. We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal de novo, *Lilly v. ConAgra Foods, Inc.*, 743 F.3d 662, 664 (9th Cir. 2014), and we affirm.

The Federal Food, Drug, and Cosmetic Act ("FDCA") "leaves no doubt that it is the Federal Government rather than private litigants who [is] authorized to file suit for noncompliance with the medical device provisions." *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4 (2001) (citing 21 U.S.C. § 337(a)). Based on this language, we have held that there is a "narrow gap through which a state-law claim must fit to escape preemption by the FDCA: The plaintiff must be suing for conduct that *violates* the FDCA (or else his claim is expressly preempted by [21 U.S.C. § 360k(a)]), but the plaintiff must not be suing *because* the conduct violates the FDCA (such a claim would be impliedly preempted under *Buckman*)." *Perez v. Nidek Co., Ltd.,* 711 F.3d 1109, 1120 (9th Cir. 2013) (citation omitted). With the exception of DeBons's breach of contract claim, the district court correctly determined that DeBons's claims do not fit through this gap and are therefore preempted.

The district court erred in dismissing DeBons's breach of contract claim on

preemption grounds to the extent that claim is premised on an express contractual representation by Globus that NuBone was "FDA approved" or had been determined to be "safe and effective." The MDA's preemption clause does not shelter a manufacturer "from suits alleging no violation of state-imposed obligations, but seeking recovery solely for the [manufacturer's] alleged breach of its own, self-imposed undertakings." *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228 (1995); *see also Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1227 (9th Cir. 2013) ("[C]ontracting parties can enforce the substantive terms of a private agreement even if they exceed the requirements of federal law"). To the extent DeBons alleges only a breach of Globus's own, self-imposed undertaking, and not a state requirement, his claim is not preempted.

Nevertheless, "we can affirm on any ground supported by the record." *Thompson v. Paul*, 547 F.3d 1055, 1058–59 (9th Cir. 2008). The district court dismissed DeBons's contract claims in his first amended complaint for failure to allege any facts supporting the existence of a contract between DeBons and Globus, or a contract between Globus and the hospital to which DeBons was a third-party beneficiary. The operative third amended complaint failed to remedy these deficiencies. Further, at oral argument, counsel for DeBons acknowledged that DeBons has no knowledge of the existence of such a contract, but rather hoped

to uncover such a contract during discovery. Because DeBons had four opportunities to allege a viable contract claim and could not do so, allowing DeBons further opportunity to amend his complaint would be futile. Accordingly, the district court's dismissal of the breach of contract claim is affirmed on the ground that the third amended complaint does not allege facts sufficient to state a claim. Fed. R. Civ. P. 12(b)(6).

Finally, the district court properly dismissed DeBons's negligence per se claim on the grounds that negligence per se is not a recognized independent claim under California law. *See Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1285 (Cal. Ct. App. 2006) ("[T]o apply negligence per se is not to state an independent cause of action. The doctrine does not provide a private right of action for violation of a statute.").

**AFFIRMED**.